**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,    **REPORT AND RECOMMENDATION**

  v.            19-CV-05110 (RPK) (ST)

EDUARDO J. DOMINGUEZ, et al.

        Defendant.
-----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

  Before this court is a motion for attorney's fees and costs submitted by Plaintiff J & J Sports Productions, Inc. ("J & J"). *See* Pl.'s Mot. for Att'ys' Fees ("Pl.'s Mot."), ECF No. 23. Plaintiff previously moved for default judgement against Defendants Eduardo Dominguez ("Dominquez") and Pulis Brothers II Corp. ("Pulis"), requesting that both be held liable for the unauthorized broadcast of a pay-per-view event in violation of Section 605 of the Federal Communications Act ("FCA"). *See* Mot. Default J.*,* ECF No. 17.  On September 16, 2020, this Court issued a Report and Recommendation in which Plaintiff's motion for default judgment was granted, only as it applied to Pulis.  *See* Report and Recommendation re Mot. for Default J., No. 19-CV-05110, (E.D.N.Y. Sept. 16, 2020), ECF No. 18.

  On November 1, 2020, the District Court adopted this Court's Report and Recommendation, and allowed Plaintiff leave to file a motion for attorneys' fees and costs within 30 days. *See* Mem. and Order, No. 19-CV-05110 (E.D.N.Y. Nov. 1, 2020), ECF No. 20.  Three days later, on November 4, 2020, Plaintiff filed the instant motion, seeking $2,405.00 in attorneys' fees, and $1,311.91 in costs (*see* Pl.'s Mot., ECF 23; Mem. in Supp. of Mot. for Att'ys' Fees and Costs ("Mem. Supp."), ECF No. 23-1), which the Honorable Rachel P. Kovner

1

referred to this Court. *See* Order Referring Mot., No. 19-CV-05110, (E.D.N.Y. Nov. 5, 2020). For the reasons set forth below, this Court recommends that Plaintiff's request for attorneys' fees be denied, and its request for costs be granted in part.

## DISCUSSION

**A.    Plaintiff has not submitted contemporaneous attorney billing records, and its request for attorneys' fees must be denied.**

Under Section 605 of the FCA, the district court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" on a claim brought pursuant to the section. *See* 47 U.S.C. § 605(e)(3)(B)(iii). However, in order for the movant to establish the number of hours an attorney reasonably spent on a case, it "must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo* ("*Lopalo*"), 767 F.3d 144, 148 (2d Cir. 2014) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)) (alteration in original) (internal quotation marks omitted); *see also LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010) (noting that the requirement applies to paraprofessionals as well as attorneys). "Descriptions of work recollected in tranquility days or weeks later will not do." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010).

In *Scott v. City of New York* ("*Scott I*"), 626 F.3d 130 (2d Cir. 2010), the Second Circuit further solidified it's finding in *Carey*, 711 F.2d 1136, explaining that "*Carey* establishe[d] a strict rule from which attorneys may deviate only in the rarest of cases." *Scott I*, 626 F.3d at 133. "Indeed, after *Carey* there are few examples of this court permitting a district court to award fees in the absence of full contemporaneous records …. [and] [w]here we have allowed for such a

2

recovery, counsel has always maintained at least *some* contemporaneous records" *Id.* (emphasis in original).

Plaintiff, in support of its motion, has submitted records purportedly showing the relevant time worked by its attorneys and paraprofessional staff. *See* Pl.'s Ex. 1, ECF No. 23-2. However, Plaintiff provides no evidence that the records were created contemporaneously with the rendered services. *See generally* Pl.'s Mot., ECF 23. In fact, Plaintiff's attorney makes clear that these records were *not* made contemporaneously with the work itself, stating that "[b]illable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves …[h]aving handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered." Decl. of Robert B. Hunter, Esq. ("Hunter Decl."), ECF No. 23-2 ¶ 6.

Courts in this District routinely decline to award attorneys' fees in the absence of contemporaneous time records, including in cases brought pursuant to Section 605 of the FCA. *See, e.g., Joe Hand Promotions, Inc. v. Soviero*, No. 11-CV-1215, 2012 WL 3779224, at *13 (E.D.N.Y. July 31, 2012), *adopted by* 2012 WL 3779221 (E.D.N.Y. Aug. 30, 2012); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761, 2013 WL 2352855, at *11–12 (E.D.N.Y. May 29, 2013); *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, No. 17-CV-1870, 2017 WL 6611705, at *9–11 (E.D.N.Y. Nov. 3, 2017), *adopted by* 2017 WL 6611571 (E.D.N.Y. Dec. 27, 2017). Notably, the exact language Plaintiff's attorney used in his declaration to explain how the firm's time records were created has been previously found insufficient to support a requested award of attorneys' fees. *Soviero,* 2012 WL 3779224 at *13 (denying attorneys' fees where the supporting declaration stated "[b]illable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves").

3

In its supporting memorandum, Plaintiff correctly states that the Second Circuit has recognized some rare exceptions to requiring the production of contemporaneous time records. *See* Mem. Supp., ECF No. 23-1 at 2-3. However, as discussed below, none of these exceptions are applicable to the case at bar.

First, in *Scott I*, the Second Circuit noted:

> While we can imagine rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application—the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit review of the justification on appeal.

626 F.3d at 134. Here, the Plaintiff's attorney has failed to present any evidence that contemporaneous time records existed at all, let alone that they were destroyed by forces beyond his control. Therefore, the limited circumstance described in *Scott I*, is inapplicable. *See id.*

Second, in *Lopalo*, the Second Circuit held that it "was clear error to deny [appellant] any fee on the basis of her failure to keep contemporaneous time records without further inquiry into her timekeeping practices." 767 F.3d at 149-50. However, in that case, the appellant "told the district court that she tracked her time contemporaneously, and that 'she did not have everything time-stamped.'" *Id.* That is clearly not the case here, as Plaintiff's attorney has already acknowledged that his records are not contemporaneous but are reconstructed from a review of the files themselves. Hunter Decl. ¶ 6. Therefore, *Lopalo* is inapplicable in this case. *See* 767 F.3d 144.

Third, in *Scott v. City of New York* ("*Scott II*"), the Second Circuit held that an attorney who had failed to keep contemporaneous time records "should be eligible to recover limited fees for any contemporaneously documented time that he was physically before the district court" because an award of attorneys' fees for that time could be substantiated by official court records.

4

643 F.3d 56, 59 (2d Cir. 2011). Again, these are not the facts presented in this case. A review of the docket shows that Plaintiff's attorney has never physically appeared before the Court, therefore this exception is inapplicable.

Finally, Plaintiff's attorney cites to an Eastern District of California case, *Joe Hand Promotions, Inc. v. Albright*, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013), where that court found attorneys' fees "to be reasonable and did not reduce the number of hours." Mem. Supp., ECF 23-1 at 3. However, that case has no precedential value on this Court, and even that court, employing a loadstar method of calculation, stated that "counsel bears the burden of submitting detailed time records justifying the hours claims to have been expended[,] … [t]hose hours may be reduced by the court where documentation of the hours is inadequate," and that other federal courts in California had found billing records that were not created contemporaneously, but reconstructed after the fact, "to be inherently less reliable." *Albright*, 2013 WL 4094403, at *3-4. Moreover, that rationale has been similarly rejected by other courts in this Circuit. *See J & J Sports Prods., Inc. v. Silvestre*, No. 18-CV-3731, 2019 WL 179810, at *6 (S.D.N.Y. Jan. 14, 2019), *adopted by*, 2019 WL 3297080 (S.D.N.Y. July 22, 2019). Accordingly, the method outlined by the court in *Albright,* 2013 WL 4094403, at *1-6, is inapplicable to the case at bar.

Plaintiff's attorney has provided no controlling authority for this Court to deviate from the standard set forth in *Carey*, 711 F.2d 1136, and its progeny. Therefore, for all these reasons, the Plaintiff's request for attorney's fees should be denied. *See also J & J Sports Prods., Inc. v. James*, No. 17-CV-5359, 2019 WL 2278143, at *2-3 (E.D.N.Y. Mar. 5, 2019), *adopted by* 2019 WL 1403112 at *2 (E.D.N.Y. Mar. 28, 2019) (denying fees because billing records were not contemporaneous).

### B. Plaintiff should recover some of its requested costs.

As noted, *supra*, a prevailing plaintiff in an action under Section 605 of the FCA is entitled to an award of "full costs." *See* 47 U.S.C. § 605(e)(3)(B)(iii); *see generally*, *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66-68 (E.D.N.Y. 2006) (discussing the scope of "full costs" under the statute). Here, Plaintiff requests litigation costs in the amount of $1,311.91. Mem. Supp. at 4, ECF 23-1. These costs include: (1) the $400.00 filing fee for the complaint, (2) $261.91 for a process server; and, (3) $650.00 in investigative expenses. *See*. Pl.'s Ex. 1, ECF No. 23-2. In support of this request, Plaintiff's attorney submits various invoices from process servers. (Pl.'s Ex. 3, ECF No. 23-2 at 13-16) and a redacted invoice of payment made by the firm to an investigative agency (Pl.'s Ex. 2, ECF No. 23-2 at 11).

The costs associated with the filing fee and process server are easily verifiable. The $400 filing fee appears on the docket (*see* Compl., ECF No. 1), and, in support of $261.91 in process service fees, Plaintiff's attorney has provided invoices (Pl.'s Ex. 3, ECF No. 23-2 at 13-16). In order to recover investigative costs, however, a plaintiff must make a showing like that required to recover attorneys' fees. *Autar*, 426 F. Supp 2d at 67 ("a request for investigative fees pursuant to § 605(e)(3)(B)(iii) should be subject to the same level of scrutiny to which requests for attorneys' fees are subjected"). Accordingly, a "plaintiff must document (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." *Id.* Plaintiff has failed to satisfy any of these criteria. Plaintiff's attorney does not indicate the time spent by, the rated charged by, or the qualifications of the investigative service that he used. *See* Pl.'s Ex. 2., ECF No. 23-2 at 11.

6

Plaintiff's attorney, in an apparent recognition that his documentation is inadequate, identifies one case that found similar materials sufficient to award investigator costs. Mem. Supp. at 4, ECF 23-1 at 4. The cited case, *J&J Sports Prods., Inc. v. Bandera Cowboy Bar LLC*, No. 15-CV-00352 (W.D. Tex. June 3, 2016), however, has no precedential value, and most courts in this Circuit that have considered this issue have held that parties must provide more information than that provided in *Bandera*. *See James,* 2019 WL 2271843, at *3 (declining to award investigative costs because plaintiff's invoice did not indicate the time spent by, the rate charged by, or the qualifications of the investigative service it used); *see also G&G Closed Circuit Events, LLC v. Llanos*, No. 20-CV-7388, 2021 WL 1581079 at *2 (S.D.N.Y. Apr. 22, 2021) (declining to award investigator costs where the plaintiff only submitted an investigator invoice with no evidence of the investigator's qualifications and did not substantiate the time spent (citing *Silvestre*, 2019 WL 179810, at *7)).

Therefore, the Plaintiff's request for costs should be granted in part, to the extent that Plaintiff should be awarded $661.91 for those costs associated with the filing and service of the complaint. The Plaintiff's request for investigative costs, however, should be denied.

### C.     CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the District Court deny Plaintiff's request for attorneys' fees, but award costs in the amount of $661.91.

Plaintiff's counsel is directed to mail a copy of this report and recommendations to all Defendants at their respective last known addresses and file proof of mailing with the court within three days (3) days of the date of filing of this report and recommendation.

**D.     OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this report and recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 144, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Porter v. Potter*, 219 F. App'x 112, 113 (2d Cir. 2007) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

**SO ORDERED.**

                                                /s/
                                      Steven L. Tiscione
                                      United States Magistrate Judge
                                      Eastern District of New York

Dated: Central Islip, New York
June 11, 2021